WRIGHT & LAWTHER LEAD Co. *v.* SEEBERGER, Collector.

*(Circuit Court, N. D. Illinois.  July 31, 1890.)*

CUSTOMS DUTIES—FLAXSEED—ALLOWANCE FOR IMPURITIES.
   Rev. St. U. S. § 2898, prohibiting the allowance of "draught" in assessing customs duties, does not forbid deduction for impurities from an article subject to a specific duty; and, under Act March 3, 1883, cl. 466, (Heyl,) making linseed or flaxseed dutiable "at 20 cents per bushel of 56 pounds," a deduction should be made for dirt and similar impurities contained in such seed.

At Law.
*Shuman & Defrees,* for plaintiff.
*W. G. Ewing,* U. S. Dist. Atty., for defendant.

BLODGETT, J.  Plaintiff imported a quantity of flaxseed from Liverpool, which had been brought from Calcutta.  The invoices showed the gross weight and a tare of five pounds per bag, and a deduction of "4 per cent. for impurities."  The collector, in assessing the duties, deducted the tare, which was the weight of the bags, but refused to allow anything for impurities, assessing a duty of 20 cents per bushel of 56 pounds upon the gross weight, less the tare.  Plaintiff paid the duties so assessed under protest, appealed to the secretary of the treasury, by whom the action of the collector was affirmed, and brought this suit in apt time to recover the excess of duties paid by reason of the refusal to make any deduction for impurities.  The proof in the case shows with-

out dispute that the seed contained dust, composed of clay, sand, and gravel, to an average of 4 per cent., and the question is whether this deduction should have been allowed the plaintiff, or, in other words, should the plaintiff have been compelled to pay duty on anything but the clear flaxseed. It is contended on the part of the defendant that, under the last clause of section 2898, which prohibits the allowance in any case for "draught," the collector has no authority to make the allowance claimed for impurities. By the thirty-fifth section of the act of August 4, 1790, it was provided—

"That the following allowance shall be made for the draft and tare of the article subject to duty by weight; that is to say: for draught on any quantity of one hundred weight, or one hundred and twelve pounds, and under, one pound; on any quantity above one, and not exceeding two, hundred weight, two pounds; on any quantity above two, and not exceeding three, hundred weight, three pounds; on any quantity above three, and not exceeding ten, hundred-weight, four pounds; on any quantity above ten, and not exceeding eighteen, hundred weight, seven pounds; on any quantity above eighteen hundred weight, nine pounds."

The same provision is found in section 58 of the act of March 2, 1799, and this continued to be the law until, by the sixteenth section of the act of July 14, 1862, the provision which I have quoted from section 2898 was enacted, and still remained in force. The contention on the part of the collector is that section 2898, which prohibits the allowance of "draft" or "draught," prohibits him from making any deduction from an article subject to specific duty by reason of the impurities contained in it.

I am, however, of opinion that the words "draft" and "draught," used in these acts of congress, do not apply to or mean the impurities contained in an imported article, but mean the arbitrary allowance of certain deductions for loss of weight in handling, or shrinkage, or variations in scales, or devices for weighing, and have no reference to such deductions as should be made to ascertain the exact, or, as nearly as possible, the exact, amount of clean seed imported. By the tariff act of March 3, 1883, cl. 466, (Heyl,) "linseed or flaxseed is made dutiable at twenty cents per bushel of fifty-six pounds," and I can give no other construction to this provision of the law than that it means 56 pounds of clean seed, or as nearly as the same can be ascertained and determined. I am not prepared to say whether any deduction could be allowed where the impurity consists of flaxseed or linseed made foul by mixture with other oleaginous seeds, such as rape and mustard seeds, but I am quite clear in my conclusion that the importer has the right to have a deduction made for dirt, and impurities of that character, which are contained in the seed, and that he should only be required to pay duty upon the weight of the seed after ascertaining and deducting, with approximate accuracy, the quantity of such impurities.